IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SPARTAN TOOL, L.L.C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 07 C 5508 |
| | ) |
| TERRY EDWARDS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is the before the court on Plaintiff's motion for order to show cause and to amend final judgment order. For the reasons stated below, we grant in part and deny in part the motion.

## BACKGROUND

On September 28, 2007, Plaintiff filed a complaint against Defendant, which included a Lanham Act claim for trademark infringement in violation of 15 U.S.C. § 1114(1) (Count I), a Lanham Act claim for unfair competition in violation of 15 U.S.C. § 1125(a) (Count II), an Illinois state law claim for consumer fraud and deceptive business practices in violation of the Illinois Consumer Fraud and

1

Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.*, (Count III), an Illinois state law claim for deceptive trade practices in violation of the Illinois Deceptive Trade Practices Act, 815 ILCS 510/1, *et seq.*, (Count IV), a claim for unfair competition under Illinois common law (Count V), and a breach of contract claim (Count VI). Defendant was served a copy of the complaint and summons on October 3, 2007. Defendant failed to answer the complaint or otherwise plead. As a result, on October 31, 2007, the court entered default judgment against Defendant upon Plaintiff's motion. On November 27, 2007, Defendant appeared at the scheduled prove up hearing and agreed to the judgment order. Based on Defendant's agreement, the court entered final judgment against Defendant on December 10, 2007.

Pursuant to the final judgment order, Defendant was "permanently enjoined from injuring [Plaintiff's] business reputation and the goodwill associated with [certain of Plaintiff's trademarks], and from otherwise unfairly competing with Plaintiff in any manner whatsoever." (Doc. 21, Par. 9). In addition, until October 1, 2009, Defendant was prohibited from contacting any entities who were customers of Plaintiff during the eighteen months immediately preceding Defendant's termination if Defendant had sales and marketing responsibilities over such customers during those eighteen months. (*Id.* at Par. 11). Defendant was also required to identify his

current business activities with respect to Plaintiff's competitors, and until October 1, 2009, to disclose to Plaintiffs any changes in such business activities within five business days of such change. (*Id.* at Par. 13).

On August 25, 2009, Plaintiff filed the instant motion pursuant to Local Rule 37.1. In its motion, Plaintiff has detailed Defendant's failure to comply with the final judgment order. Plaintiff requests that this court order Defendant to show cause why he should not be held in contempt for violating the final judgment order. Plaintiff also seeks amendment of the final judgment order and recovery of attorney's fees that Plaintiff has incurred relating to its motion.

## LEGAL STANDARD

Federal courts have the inherent power to punish parties who abuse the judicial process. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991). This includes the power to "assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons" such as when a party has attempted to work a fraud upon the court, delay the proceedings, or delay or inhibit the enforcement of a court order. *Id.* at 45-46. Where bad faith is shown, sanctions in the form of attorney's fees vindicate the court's authority without resorting to a more drastic measure and serve to make the moving party whole. *Id.* at 46. Inherent powers are

not displaced by statutes and rules that cover the same conduct. *Id.* at 43, 46. However, the court's inherent powers "must be exercised with restraint and discretion." *Id.* at 44. In addition, Local Rule 37.1 provides that "a reasonable counsel fee, necessitated by the contempt proceeding, may be included as an item of damage" in a proceeding to adjudicate whether a person should be held in civil contempt of court.

## DISCUSSION

In support of its motion, Plaintiff has submitted four sworn affidavits indicating that Defendant violated the final judgment order entered by the court on December 10, 2007. Defendant has argued that the affidavits submitted by Plaintiff are insufficient because they contain conclusory statements, inadmissible opinions and beliefs, and inadmissible hearsay. The Federal Rules of Civil Procedure and Federal Rules of Evidence require that any affidavits submitted to the court be based upon an affiant's personal knowledge and contain facts that would be admissible as evidence. *See, e.g.,* Federal Rule of Civil Procedure 56(e); Federal Rule of Evidence 602. Affidavits may contain inferences and opinions if they are "substantiated by specific facts." *Drake v. Minnesota Min. & Mfg. Co.*, 134 F.3d 878, 887 (7th Cir. 1998); *see also* Federal Rule of Evidence 701. In the instant case, each affiant has

testified to facts within his personal knowledge, and the opinions and inferences made by each affiant have been sufficiently supported by underlying facts. In addition, the statements contained in each affidavit are admissible under certain hearsay exceptions of the Federal Rules of Evidence, such as Federal Rule of Evidence 803(3), which allows admission of a statement evincing the declarant's then existing state of mind, and Federal Rule of Evidence 804(b)(3), which allows admission of a statement against a declarant's interest. Therefore, there is sufficient evidence to show that Defendant violated the final judgment order. Further, we note that even if we were to strike the statements that Defendant contends are inadmissible hearsay, Plaintiff has offered ample other evidence to support Plaintiff's contention that Defendant violated the final judgment order.

Defendant has also argued that the non-compete restrictive covenant contained in the final judgment order is unenforceable under Illinois law. However, Defendant violated multiple provisions of the final judgment order, not just the non-compete-restrictive covenant. We note that Defendant was acting *pro se* when he agreed to the entry of the final judgment order and that there is insufficient evidence as to whether Defendant completely understood the ramifications of the entry of final judgment against him. Nonetheless, *pro se* litigants are required to comply with the court's procedural rules and orders. *See Pearle Vision, Inc. v. Romm*, 541 F.3d 751,

758 (7th Cir. 2008)(stating that although courts are required to liberally construe *pro se* pleadings, it is "well established that *pro se* litigants are not excused from compliance with procedural rules.")(citations omitted). In this case, there is sufficient information in the record showing that, whether knowingly or inadvertently, Defendant did not abide by the terms of the judgment order to which he agreed.

In addition, Defendant has argued that Plaintiff's motion to alter or amend the final judgment order must be denied as untimely. Defendant cites the time limits imposed under Federal Rules of Civil Procedure 59(e) and 60(b), which relate to alteration, amendment, or relief from judgment. It is true that Plaintiff has asked the court to amend the final judgment order to extend certain terms of the final judgment order through April 1, 2010. However, Plaintiff's motions are based upon Local Rule 37.1, which does not contain any time limitation. In addition, the Court retains jurisdiction to enforce the terms of its orders. Plaintiff's motions are therefore appropriate. As to the merits of Plaintiff's motion, Defendant contends that he has been unemployed for some time. We do not believe that, at this juncture, a further extension of the final judgment order restricting Defendant's employment is warranted.

Finally, Defendant has argued that since the Plaintiff has suffered no damages,

no sanctions against Defendant are warranted. In making such an argument, Defendant ignores the well-established principle that sanctions can be assessed against a party to induce them to comply with future court orders or to compensate an injured party for past non-compliance. *See, e.g., Bailey v. Roob*, 567 F.3d 930, 933-34 (7th Cir. 2009). In addition, a final judgment order entered by the court operates as a contract between the parties. *See United States v. ITT Cont'l Baking Co.*, 420 U.S. 223 (1975)(indicating that when interpreting the terms of a consent decree or order, rules of contract construction should be employed); *People Who Care v. Rockford Bd. of Educ. Sch. Dist. No. 205*, 961 F.2d 1335, 1337 (7th Cir. 1992)(asserting that "[c]onsent decrees are fundamentally contracts"); *Citizens Elec. Corp. v. Bituminous Fire & Marine Ins. Co.*, 68 F.3d 1016, 1022 (7th Cir. 1995)(stating that a consent judgment's force rests upon the principles of contract).

As stated above, it is clear that Defendant failed to comply with the terms of the final judgment order. Once Plaintiff learned of Defendant's non-compliance, Plaintiff necessarily expended money to investigate the extent of Defendant's non-compliance, determine whether Defendant's non-compliance had resulted in damages to Plaintiff, and bring Defendant's non-compliance to the attention of the court. Plaintiff should therefore be awarded the amount expended, either as a sanction against Defendant or as consequential damages for Defendant's violation of

7

the agreed upon final judgment order, provided that such an amount constitutes reasonable attorney's fees.

While there is no precise formula for determining reasonable attorney's fees, the court should begin by calculating the attorney's reasonable hourly rate multiplied by the number of hours reasonably expended, and then should "adjust that figure to reflect various factors including the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation." *Schlacher v. Law Offices of Phillip J. Rotche & Associates, P.C.*, 574 F.3d 852, 856 - 57 (7th Cir. 2009)(citations omitted). Plaintiff's attorney has submitted an affidavit in support of Plaintiff's fee request, stating that Plaintiff has incurred $25,213.60 in attorney's fees relating to this motion. This figure is derived from Plaintiff's attorney doing 40.8 hours of work at the billable rate of $432.00 per hour, for a total of $17,625.60, and an associate doing 27.1 hours of work at the billable rate of $280.00 per hour, for a total of $7,588.00. The affidavit submitted by Plaintiff's attorney contains insufficient detail relating to the allocation of each billing attorney's time. In addition, while the hourly rates are reasonable, the number of hours billed seems excessive. There is no valid reason advanced by Plaintiff why Plaintiff could not have ascertained the existence of a violation of the final judgment order by Defendant without expending so many hours of attorney work. Plaintiff

should have brought this matter to the court's attention earlier, instead of delaying its action against Defendant until more than $25,000 in attorney's fees had accumulated. Finally, we note that the instant motion does not raise any complex legal issues, that Plaintiff has not shown it suffered any damages other than the expenditure of attorney's fees, and that limited public interest is being advanced by the bringing of the instant motions. Based on the above considerations, we award Plaintiff $12,106.80, representing reasonable attorney's fees relating to the instant motions.

## CONCLUSION

Based on the foregoing analysis, we grant in part and deny in part Plaintiff's motion, and award Plaintiff $12,106.80 in attorney's fees relating to the instant motion.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: February 17, 2010